No. 64,424

STAUFFER COMMUNICATIONS, INC., *Petitioner*, v. THE HONORABLE DANIEL L. MITCHELL, THE STATE OF KANSAS, CLAUDE E. SUTHERLAND, AND DEMENTRE WEATHERLY, *Respondents*.

(789 P.2d 1153)

Opinion filed April 13, 1990.

*Michael W. Merriam*, of Goodell, Stratton, Edmonds & Palmer, of Topeka, argued the cause for petitioner.

*Carl A. Gallagher*, assistant attorney general, argued the cause, and *Robert T. Stephan*, attorney general, was with him for respondents the Honorable Daniel L. Mitchell and the State of Kansas.

*Larry M. Cowger*, of Topeka, for respondent Claude E. Sutherland.

*Joseph D. Johnson*, of Topeka, for respondent Dementre Weatherly.

The opinion of the court was delivered by

LOCKETT, J.: This is an original action in mandamus by Stauffer Communications, Inc., (Stauffer) which owns and operates the Topeka Capital-Journal, a daily newspaper of general circulation, against Judge Daniel L. Mitchell of the Third Judicial District, who is assigned all juvenile cases in that district. Stauffer seeks an order commanding Judge Mitchell to open to the public all detention hearings and other preliminary matters involving juveniles over the age of 15 held pursuant to the Kansas Juvenile Offenders Code, K.S.A. 38-1601 *et seq.*

The Kansas Juvenile Offenders Code (Code) is to be liberally construed so that each juvenile shall receive the care, custody, guidance, control, and discipline, preferably in the juvenile's own home, as will best serve the juvenile's rehabilitation and the protection of society. Proceedings under the Code are not to import a criminal act on the part of a juvenile, but are deemed to have been taken and done in the exercise of the parental power of the state. K.S.A. 38-1601.

Subject to specific statutory exceptions, "juvenile offender" means a person who does an act while a juvenile which if done by an adult would be a felony or a misdemeanor as defined by K.S.A. 21-3105. K.S.A. 1989 Supp. 38-1602(b).

Under the Code, an action is commenced by the filing of a verified complaint. K.S.A. 38-1621. In addition to other statutory information, the complaint must state plainly and concisely the essential facts constituting the offense charged. After the complaint has been served and the juvenile is brought before the court, and the court finds it necessary to hold a detention hearing, the court sets the time and place for the hearing.

The purpose of the detention hearing is to determine whether (1) to place the juvenile in a juvenile detention facility; (2) to allow the juvenile to be released to the custody of his parents, or; (3) where it is not necessary to detain the juvenile, to place the juvenile in temporary custody of a youth residential facility, the secretary of SRS, or some other suitable person willing to accept temporary custody if the court finds it is not in the best interest of the juvenile to release the juvenile to the custody of a parent. If the court finds that the juvenile is dangerous to self or others, the juvenile may be detained in a juvenile detention facility or youth residential facility designated by the court. K.S.A. 38-1632.

After the detention hearing and all pretrial matters have been completed, the case is set for an adjudicatory hearing. The adjudicatory hearing of the juvenile is similar to the trial of an adult charged with a crime. The rules of evidence of the code of civil procedure apply. The proof required to prove the act alleged in the complaint is proof beyond a reasonable doubt. When the offense alleged is a felony under the adult code of criminal procedure, the judge may order the case tried to a jury. If the trier

of fact determines that the evidence fails to prove the offense charged or an included offense as defined in K.S.A. 21-3107(2), the court dismisses the charge.

On September 22, 1989, Judge Mitchell conducted detention hearings involving two juveniles, both over the age of 15, charged with aggravated kidnapping, rape, and attempted rape. Michael Ryan, the legal affairs reporter for the Capital-Journal, was denied access to these hearings. Judge Mitchell informed Ryan that, unlike adjudicatory hearings conducted pursuant to K.S.A. 38-1652, there was no statutory basis for allowing the public to attend detention hearings. Later, Judge Mitchell ordered the detention of the two juveniles, and the orders were placed in the official file, which is available to the public pursuant to K.S.A. 1989 Supp. 38-1607(a).

Stauffer claims the legislature intended that detention hearings and other preliminary matters, held pursuant to the Kansas Juvenile Offenders Code, be open to the public when juveniles over the age of 15 are involved.

Although the hearings Ryan sought to attend have already been held, the parties concur that this situation will recur and continue to evade judicial review. Accordingly, the issue should not be regarded as moot. *Roe v. Wade*, 410 U.S. 113, 125, 35 L. Ed. 2d 147, 93 S. Ct. 705 (1973).

The parties also agree that this case does not involve constitutional interpretation. In *In re Gault*, 387 U.S. 1, 25, 18 L. Ed. 2d 527, 87 S. Ct. 1428 (1967), the United States Supreme Court held that states may protect the confidentiality of juvenile proceedings without violating the Constitution. Citing *Gault*, other states have upheld the constitutionality of statutes which exclude the press from juvenile proceedings. See *Edward A. Sherman Pub. Co. v. Goldberg*, 443 A.2d 1252, 1258 (R.I. 1982); *In re J. S.*, 140 Vt. 458, 465-66, 438 A.2d 1125 (Vt. 1981).

The Kansas Statutes Annotated contain the general laws and laws of a general nature in force. The volumes are arranged, numbered, annotated, and indexed with histories, notes, and references as required by law. The statutes enacted are compiled and edited by the Office of Revisor of Statutes of Kansas. The entire Kansas Juvenile Offenders Code, including section numbers and headnotes, was enacted at one time. See L. 1982, ch.

182, §§ 59-116. Chapter 38 of the annotated statutes is entitled "Minors." Chapter 38 is divided into 17 Articles. The Articles set out the various areas of the law regarding minors. Article 38-3 controls Dependent or Neglected Children; Article 38-6 controls Child Labor; and Article 38-16 is the Kansas Juvenile Offenders Code. The Kansas Juvenile Offenders Code is further subdivided into specific areas:

General Provisions, 38-1601 *et seq.*
Pleading, Process, and Preliminary Matters, 38-1621 *et seq.*
Adjudicatory Procedure, 38-1651 *et seq.*
Dispositional Procedure, 38-1661 *et seq.*
Appeals, 38-1681 *et seq.*

The detention hearing, K.S.A. 38-1632, is contained in the section of the Code entitled "Pleading, Process and Preliminary Matters." The adjudicatory hearing and the procedures for adjudication are contained in the section entitled "Adjudicatory Procedure."

The resolution of this case depends upon our interpretation of the legislature's intent when enacting K.S.A. 38-1652.

K.S.A. 38-1652 provides:

"**Confidentiality of proceedings.** (a) If the respondent was 16 or more years of age at the time of the alleged offense, the hearing shall be open to the public.

(b) If the respondent was under 16 years of age at the time of the alleged offense, the court may exclude all persons except the respondent, the respondent's parents, attorneys for interested parties, officers of the court and the witness testifying. Upon agreement of all interested parties, the court shall allow other persons to attend the hearing unless the court finds the presence of the persons would be disruptive to the proceedings."

Judge Mitchell found the open hearing requirement in 38-1652 inapplicable to detention hearings since those hearings usually involve evidence which is privileged under K.S.A. 1989 Supp. 38-1607, which states:

"**Court records; preservation of records.** (a) *Official file.* The official file of proceedings pursuant to this code shall consist of the complaint, process, service of process, orders, writs and journal entries reflecting hearings held and judgments and decrees entered by the court. The official file shall be kept separate from other records of the court. The official file shall be open for public inspection as to any juvenile 16 or more years of age at the time any act is alleged to have been committed. The official file shall be privileged as to any juvenile less than 16 years of age at the time any act is alleged

to have been committed and shall not be disclosed directly or indirectly to anyone except [in certain enumerated situations].

"(b) *Social file*. Reports and information received by the court other than the official file shall be privileged and open to inspection only by attorneys for the parties or upon order of a judge of the district court or an appellate court. The reports shall not be further disclosed by the attorney without approval of the court or by being presented as admissible evidence."

Judge Mitchell stated in his answer to the petition for mandamus:

"For example, testimony and reports of teachers, social workers, counselors, psychologists and psychiatrists are relevant and admissible [at a detention hearing] in determining the limited issue of dangerousness. At the adjudication phase, however, this evidence may be completely inadmissible as irrelevant to the determination of the respondent's guilt or innocence . . . ."

Stauffer argues that all hearings involving juveniles over the age of 15 should be open to the public since: (1) 38-1607(a) makes the results of all such hearings public; and (2) the open hearing requirement of 38-1652 will be subverted if a defendant is allowed to plead guilty prior to the adjudication hearing.

The fundamental rule of statutory construction is that the purpose and intent of the legislature governs when that intent can be ascertained from the statute. In construing statutes, the legislative intention is to be determined from a general consideration of the entire act. Effect must be given, if possible, to the entire act and every part thereof. To this end it is the duty of the court, as far as practicable, to reconcile the different provisions so as to make them consistent, harmonious, and sensible. *State v. Dubish*, 236 Kan. 848, 853, 696 P.2d 969 (1985).

Though K.S.A. 38-1652 appears under a heading entitled "Adjudicatory Procedure," Stauffer argues that this heading was inserted by the Revisor of Statutes, not the legislature. However, in 1979, at the behest of the Legislative Coordinating Council, the Judicial Council undertook the task of recodifying the Kansas Juvenile Code, with consideration given to criminal-type offenses from the sections of the Code that dealt with status offenders. A similar heading prefaced section 1652 of the Judicial Council's draft. Kansas Jud. Council Bull. at 83 (June 1981).

Legislative intent can be found in the historical background of an enactment and the circumstances attending its passage. *State ex rel. Tomasic v. Kansas City, Kansas Port Authority*, 230 Kan.

404, Syl. ¶ 25, 636 P.2d 760 (1981). The legislative history of K.S.A. 38-1652 supports Judge Mitchell's view.

K.S.A. 38-822 (Ensley 1981), the forerunner to K.S.A. 38-1652, provided:

> "The district court may exclude from *any hearing pursuant to the juvenile code* all persons except counsel for interested parties, officers of the court and the witness testifying." (Emphasis added.)

In 1981, the Judicial Council's published draft of the Kansas Juvenile Offenders Code, Section 1652, provided:

> "In the trial of any case where the juvenile was less than 16 years old at the time of the alleged act the court may exclude from *any hearing pursuant to this code* all persons except the juvenile, the juvenile's parents, attorneys for interested parties, officers of the court, and the witness testifying.
>
> "Upon agreement of all interested parties the court shall allow other persons to attend said proceedings, unless the court finds the presence of such persons would be disruptive to the proceedings." Kansas Jud. Council Bull. at 84 (June 1981). (Emphasis added.)

In its comment to this section, the Judicial Council stated: "This section removes [the judge's authority to exclude persons from] hearings involving juveniles 16 and 17 years old. This is consistent with the opening of official records of those juveniles." Kansas Jud. Council Bull. at 84 (June 1981).

On January 11, 1982, Senator Pomeroy introduced the Juvenile Offenders Code in Senate Bill 520. Section 94 of that bill provided:

> "(a) If the respondent was 16 or more years of age at the time of the alleged offense, *the hearing* shall be open to the public.
>
> "(b) If the respondent was under 16 years of age at the time of the alleged offense, the court may exclude all persons except the respondent, the respondent's parents, attorneys for interested parties, officers of the court and the witness testifying. Upon agreement of all interested parties, the court shall allow other persons to attend the hearing unless the court finds the presence of the persons would be disruptive to the proceedings." (Emphasis added.)

On February 19, 1982, the Senate Committee on the Judiciary amended section 94 to read: "*All hearings pursuant to this code* shall be open to the public unless otherwise ordered by the court in its discretion." (Emphasis added.)

The legislature refused to change the phrase to "all hearings pursuant to this code." Instead, the legislature retained the originally proposed language of section 94 that "the hearing" shall be open to the public. L. 1982, ch. 182, § 95. The words and phrases of the statute are to be construed according to context and the approved usage of the language. *Tobin Constr. Co. v. Kemp*, 239 Kan. 430, 436, 721 P.2d 278 (1986). By choosing the singular form of the word, the legislature intended to open only one hearing.

K.S.A. 1989 Supp. 38-1607(a) allows the official file to be "open for public inspection" for juveniles over the age of 15, while 38-1607(b) requires the social file to be "privileged" as to all juveniles. K.S.A. 1989 Supp. 38-1607 clearly distinguishes a detention order from the evidence introduced at the hearing upon which the order is based. The privileged information requirement of 38-1607(b) is meaningless if the public is allowed to attend detention hearings.

K.S.A. 1989 Supp. 38-1607 and K.S.A. 38-1652 are consistent, harmonious, and sensible under Judge Mitchell's interpretation. The language "the hearing" open to the public in K.S.A. 38-1652 refers only to adjudicatory hearings involving juveniles over the age of 15.

Writ denied.