Keith W. Sprouse Marshall County Counselor 1201 Broadway Street Post Office Drawer No. 69 Marysville, Kansas 66508
Dear Mr. Sprouse:
As Marshall County Counselor you request our opinion on the following questions:
I. Does the Board of County Commissioners have authority to erect stop signs and intersection ahead signs at the intersection of two township roads, when the Township Board has refused to erect and maintain the signs?
II. In the event the Board of County Commissioners has the authority and proceeds to install the aforementioned traffic control signs, who has the responsibility of maintaining the signs?
III. If the intersection in question is not signed what if any liability does the county incur in the event a motorist or pedestrian sustains personal injury and/or property damage as the result of a collision at the intersection?
Your first and second questions concern the authority and responsibility of the county for signing and will be addressed together. We initially review the applicable statutes from the Uniform Act Regulating Traffic, K.S.A. 8-1401 et seq.
K.S.A. 8-2003 provides for uniformity in the placement of highway signs:
 "The secretary of transportation shall adopt a manual and specifications for a uniform system of traffic-control devices consistent with the provisions of this act for use upon highways within this state. . . ."
K. S.A. 8-2005 addresses the responsibility of local authorities in placing and maintaining signs:
 "(a) Local authorities in their respective jurisdictions shall place and maintain such traffic-control devices upon highways under their jurisdiction as they may deem necessary to indicate and to carry out the provisions of this act or local traffic ordinances or to regulate, warn or guide traffic. All such traffic-control devices hereinafter erected shall conform to the state manual and specifications."
K.S.A. 8-1432 defines local authorities as "the Kansas turnpike authority and every city, county and other local board or body having authority to adopt ordinances or regulations relating to vehicular traffic under the constitution and laws of this state." These statutes give local authorities the power and responsibility to place and maintain traffic control devices as long as that placement conforms to the manual and specifications adopted by the Secretary of Transportation.
On two occasions this office has opined that a township is not a "local authority" for purposes of the Uniform Act Regulating Traffic. See Attorney General Opinions No. 90-126 and 81-197. While it is still our belief that the decision reached in those opinions is a correct construction of the applicable statutes, we must point out that the Kansas Supreme Court has opined that townships may have the responsibility for posting warning signs on township roads. In Finkbiner v. ClayCounty, 238 Kan. 856 (1986), an injured driver brought suit against both the township and the county for failure to post signs warning of the dead end of a township road. In determining who had the duty to post warning signs on the township road the Court did not mention the definition of "local authority" set out in the Uniform Act Regulating Traffic. The township also failed to raise that issue. The Court concluded:
 "Since all parties agree that the Township alone was responsible for the township road, the County cannot be liable for failure to place signs warning of a dead end on the township road. A township, having the exclusive care and control of a street or road, has a duty to maintain that road or street for the safe passage of persons and property. Other governmental entities cannot be held liable for failure to maintain that road safely. [Citation omitted]. Therefore, it is a question only as to the Township whether, under the totality of the circumstances, it should have placed a warning sign." 238 Kan. at 861.
The above conclusions appear to be predicated on K.S.A. 68-526 which gives a township board "the general charge and supervision of all township roads." The Court does not make a distinction between the responsibility for maintaining roads and the responsibility for posting and maintaining signs. Seealso Collins v. Douglas County, 249 Kan. 712 (1991) (township had no duty to post warning signs at a bridge on a township road because the responsibility for bridge maintenance is statutorily imposed on the county). The potential conflict between statutory requirements for placing and maintaining signs and concepts of liability as developed in light of the Kansas Tort Claims Act has not been addressed by the Kansas Courts. It is impossible for us to predict how the Court might resolve this conflict, however our opinion that a township may not lawfully erect a traffic control device remains as expressed in our prior opinions. Therefore in response to your first two questions, it is our opinion that the county has the authority to erect and maintain traffic control signs at the intersection of two township roads and that the township does not have the authority to erect or maintain those signs.
Your final question concerns what liability the County might incur if the township roads in question are not signed. Governmental liability is governed by the Kansas Tort Claims Act (KTCA), K.S.A. 75-6101 et seq. The KTCA provides exemptions from liability for "any claim based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a governmental entity or employee" and for "the act or omission of any governmental entity in placing or removing any . . . signs, signals or warning devices when such placement or removal is the result of a discretionary act of the governmental entity." K.S.A. 1996 Supp. 75-6104.
The construction of statutes and their application to a given situation are matters of law for judicial determination. State v. Schlein, 253 Kan. 305 (1993) citing Brookover Feed Yards, Inc. v. Carlton,Commissioner, 213 Kan. 684 (1974). As such we turn to the Kansas Courts for guidance as to whether the discretionary exemptions apply in the situation you present. In Carpenter v. Johnson, 231 Kan. 783 (1982), the Kansas Supreme Court reversed the trial court's finding that the signing exception to the KTCA constituted an absolute bar as a matter of law for any action for failure to place a traffic sign. The Court concluded:
 "Whether or not the placement of a warning sign on the particular curve in controversy herein was discretionary or mandatory depends upon the totality of the circumstances involved and may not be determined as a matter of law with regard thereto." 231 Kan. at 789.
In Toumberlin v. Haas, 236 Kan. 138 (1984), the Court reaffirmed their decision in Carpenter and further elaborated on the application of the KTCA to an action against a county for failure to place traffic signs as follows:
 "[A] duty to maintain the highways remains under the general liability for negligence created by the KTCA. Although the scope of that duty is to be determined on a case-by-case basis and no hard and fast rule can be stated which would cover all possible future factual situations, Carpenter makes it clear that the Manual on Uniform Traffic Control Devices is to be used as a guide for state and local highway engineers in exercising their professional judgment as to any particular highway problem. However, whether a particular set of facts falls within any of the exceptions created by K.S.A. 1983 Supp. 75-6104 must be determined by considering `the totality of the circumstances' in the particular case." 236 Kan. at 144.
In Toumberlin the plaintiffs presented no evidence that signs were required by the Manual on Uniform Traffic Control Devices (MUTCD), and the county engineer testified that in his judgment no signs were justified. The Court decided that under those circumstances, the placement of the signs in question was discretionary and upheld summary judgment for the county. You state in your letter that the Marshall County Engineer, after conducting a traffic study of the intersection in question and considering the criteria in the MUTCD, concluded that certain signs should be installed. InFinkbiner, 238 Kan. 856 (1986), the Court reaffirmed that "[w]hether or not the placement of a warning sign is discretionary or an exercise of professional judgment within established guidelines depends upon the totality of the circumstances involved and may not be determined as a matter of law. . . . This is a question of fact which must be determined by a jury."238 Kan. at 860-861.
The most recent Kansas Supreme Court case involving the duty to place signs on a township road is Collins,249 Kan. 712, wherein the Court found no duty to place a warning sign because the kind of sign which the plaintiffs alleged was necessary was not covered by the MUTCD and there were no other guidelines to aid the county engineer in determining whether to place a warning sign at the accident site. The Kansas Court of Appeals in Force v. City of Lawrence, Kan.,7 Kan. App. 2d 90 (1992), considered whether a city was negligent in not installing a protected left turn signal. The Court concluded that the action was barred by the discretionary function exception in the KTCA because the discretion of the city to install or not install such a device was not preempted by any mandatory requirements imposed by the Federal Highway Administration or the Kansas Department of Transportation. The Court stated:
 "Discretion in the erection of traffic-control devices exists but under certain specified conditions may be preempted by the MUTCD. If the conditions specified by the MUTCD as warranting the placement of a traffic-control device are satisfied, then the placement of the device is a matter of professional judgment; no discretion is involved." 7 Kan. App. 2d at 99.
Whether there is a duty to place signs at the intersection in question and whether the professional judgment of the Marshall County Engineer in this instance falls within the exercise of discretion which is excepted from liability under the KTCA are questions of fact to be determined based on the totality of the circumstances. Therefore, it is impossible for us to reach an opinion on whether Marshall County would incur liability as a result of an accident at the intersection in question if the County does not erect signs as recommended by the Marshall County Engineer. The discussion of cases herein is provided to aid the county in assessing its potential liability.
In summary, a county is a "local authority" within the context of the Uniform Act Regulating Traffic and therefore has the responsibility to erect and maintain traffic signs within its jurisdiction in accordance with the manual and specifications adopted by the Secretary of Transportation. A township does not fall within the definition of "local authority" and therefore has no authority to erect or maintain traffic control signs. Whether there is a duty to place signs and whether the decision to place signs is an exercise of discretion excepted from liability under the Kansas Tort Claims Act are questions of fact for the court to determine based on the totality of the circumstances.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Donna M. Voth Assistant Attorney General
CJS:JLM:DMV:jm