No. 33,627

C. P. KLEIN, *Appellant,* v. P. G. BREDEHOFT et al., *Appellees.*

(75 P. 2d 232)

Opinion filed January 29, 1938.

*Joe W. Moss,* of Independence, for the appellant.

*John Bertenshaw* and *Kirke C. Veeder,* both of Independence, for the appellees.

The opinion of the court was delivered by

SMITH, J.: This was an action wherein plaintiff asked that he be installed as one of the directors of a corporation, for the reason that he should have been declared elected for the years 1936 and 1937, rather than the defendants, who were declared elected. The judgment was for defendants. Plaintiff appeals.

The petition alleged that the corporation was organized with an authorized stock of 40,000 shares; that soon thereafter, at a stockholders' meeting, the board of directors was authorized to issue capital stock of the corporation for 30,000 shares; that on the same date the officers were authorized by the directors to issue the same number of shares; that the number of directors of the corporation was five; that no rules, minutes or bylaws ever were made to authorize, nor did the board of directors or stockholders in any meeting ever authorize the issuance of more than 30,000 shares of stock. The petition then alleged that the plaintiff on the 12th day of November, 1935, was the owner of 1,000 shares of the capital stock of the corporation and it was registered on the books of the corporation in his name; that at the annual stockholders' meeting of the corporation on the 7th day of January, 1936, when the name of stockholder Malloy was called, stockholder Lugenbeal informed the officers that he had a written proxy from Malloy; that notwithstanding this, Malloy responded as present in person and insisted on voting his stock; that Lugenbeal then and there exhibited a

written proxy showing that Malloy had executed this proxy for a consideration of $7.50 and that it was still in force; that notwithstanding this the president of the company ruled that Malloy should have the right to vote his own stock notwithstanding the Lugenbeal proxy. The petition further alleged that at the same meeting it appeared that Bredehoft, the secretary of the company, and James, the president, had in December, 1935, issued a certificate of stock for 500 shares to James; that this 500 shares was over and above the 30,000 shares legally issued by the company; that the right of James to vote this 500 shares was challenged; that notwithstanding this, James was permitted to and did vote his 500 shares of stock; that the Malloy 300 shares and the James 500 shares were voted for Harris and Bredehoft for directors; that these two received the same number of votes each and a less number of votes than James; that Lugenbeal received the next highest number of votes and P. L. Courtright the next highest; that James thereupon declared himself, Bredehoft, Harris, Lugenbeal and Courtright duly elected directors; that had the 500 James shares not been voted for Bredehoft and Harris the plaintiff Klein would have received a higher number of votes than either Bredehoft or Harris and would have been declared elected by the president; and that had the 300 shares of Malloy stock not been voted for defendants Bredehoft and Harris, Klein would have been declared elected. The petition prayed that the district court render a declaratory judgment finding that the 500 shares of James stock were illegally issued at this election and that Malloy had no right to vote his 300 shares and that instead of Bredehoft and Harris being elected C. P. Klein be declared duly elected.

This petition was filed April 21, 1936. Some time after the annual election for 1937 plaintiff filed a supplemental petition in which he alleged about the same facts for the 1937 election as were alleged about the January, 1936, election, except that no reference was made to the Malloy stock. The same relief was asked for 1937.

A demurrer was filed to this petition on the ground that it did not state facts sufficient to constitute a cause of action in favor of plaintiff and against defendants; that the cause of action sought to be alleged in the amended petition no longer existed and that the amended petition and supplemental petition improperly joined several pretended causes of action. This demurrer was sustained by the trial court. The appeal is from that judgment.

It will be noted that the appeal reached this court at the December session for hearing arguments. Even should summary action be taken and judgment be ordered for plaintiff on the petition and the relief sought here be granted the plaintiff, it would be too late for benefit to be had by the plaintiff for 1937. It should be noted furthermore that this case comes here upon a demurrer to the petition of plaintiff, and should the judgment sustaining a demurrer to the petition be reversed time to answer would be given defendants and trial would be necessary and the better part of 1938 would have passed before a final disposition could be had of the case. It would thus appear that the question is moot as far as the relief sought by plaintiff is concerned. This court will not give judgments which cannot be made effective. (See *Stebbins et al. v. Western Union Telegraph Co.,* 69 Kan. 845, 76 Pac. 1130.) See, also, *Hurd v. Beck,* 88 Kan. 11, 45 Pac. 92. This case was an action in quo warranto to determine the right to a public office. This court held:

"In quo warranto proceedings to determine the right to a public office where the term of such office expires before a decision in the case is reached the proceedings. will be dismissed."

Plaintiff argues that this case is a declaratory-judgment action as defined in G. S. 1935, 60-3127 and 60-3132. We have examined the above statutes and the pleadings in this case. We conclude that this is not the sort of a case in which this court will enter a declaratory judgment. In other words, there is no actual controversy. In *Kittredge v. Boyd,* 137 Kan. 241, 20 P. 2d 811, this court said:

"Even in a case where a mere declaratory judgment is sought, an actual controversy must exist before this court or the district court would have jurisdiction to make a binding adjudication concerning it." (p. 242.)

See, also, *Garden City News v. Hurst,* 129 Kan. 365, 282 Pac. 720.

Furthermore, we do not have before us in this record any pleadings as to what is apt to happen at the January, 1938, meeting. For aught that appears in this record the defendants will not do any wrong at that meeting. This court cannot reverse a judgment of a trial court on what counsel say may happen or, indeed, is pretty sure to happen at some time in the future when no pleading of anything of that sort was before the trial court. Plaintiff asks us to look ahead to what defendants are pretty likely to do in January, 1938, and to say such conduct would not be legal. We cannot do that.

In view of what has been said we have concluded there is nothing

upon which a judgment of this court could operate, even should we agree with appellant as to the law, or any way in which a judgment could be made effective at this time, and the appeal is therefore dismissed.