No. 67,949

FRED ALLENBRAND, Sheriff of Johnson County, Kansas, *Appellee*, v. ZUBIN DARIUS CONTRACTOR, *Appellant*.

(855 P.2d 926)

Opinion filed July 9, 1993.

*Kevin P. Moriarty*, of Moriarty, Erker & Moore, of Overland Park, argued the cause and was on the brief for appellant.

*Lawrence L. Ferree III*, of Ferree, Bunn & Byrum, Chartered, of Overland Park, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

DAVIS, J.: The defendant, Zubin Darius Contractor, appeals from an order authorizing the involuntary administration to him of psychotropic medication while he was an inmate at the Johnson County Adult Detention Center (JCADC). Because of a change in circumstances, the issue of whether the order violates his due process rights has become moot. His appeal is therefore dismissed.

The defendant was incarcerated at the JCADC upon a misdemeanor conviction of providing alcohol to a minor. While incarcerated, the defendant caused serious disruption. In testimony before the district court, the plaintiff's witnesses described four weeks of continuous destructive behavior by the defendant. The findings of fact by the court reflect a potential for real harm to the defendant from the defendant's unsanitary conduct and from other inmates who were angered and frustrated by the defendant's relentless antisocial behavior.

In its memorandum decision, the court relates in detail the specific facts on which it based its order permitting involuntary medication. Based on these circumstances, the court ordered that the sheriff be "authorized to administer . . . appropriate medication . . . on an involuntary basis . . . during the time defendant is in the custody of the Johnson County Adult Detention Center . . . ." The defendant appealed that order to the Kansas Court of Appeals.

Before any medication was administered to the defendant, he was released on probation on April 6, 1992. In response to a show cause order issued by the Kansas Court of Appeals asking the parties to show cause why the appeal should not be dismissed as moot, the sheriff claimed that probation, if revoked, would again place the defendant in the custody of the JCADC, subject to the involuntary medication order. The appeal was retained, but the mootness issue was not resolved.

The parties' responses to the show cause order indicated that on April 6, 1992, the defendant was granted probation for a period of 12 months. In the absence of any further information, it may be assumed that on April 6, 1993, the defendant's probation ended. Upon oral argument, neither party advised the court that this was not the case. If the defendant no longer is on probation,

he no longer is subject to the control of the court. Thus, the allegation that his probation status is a basis for retaining the appeal no longer is persuasive.

Even if the defendant still is on probation, his return to custody does not create the same controversy. The involuntary medication order is fact-specific, based on findings made by the court involving the defendant's actions in the past. The order entered by the court would not authorize involuntary medication upon future incarceration of the defendant in the JCADC.

Because the defendant no longer is in custody and his potential reincarceration will not present the same controversy, the issue of whether he was denied due process in a proceeding that determined he could be medicated without his consent while in custody is moot. In *State ex rel. Stephan v. Johnson*, 248 Kan. 286, Syl. ¶ 3, 807 P.2d 664 (1991), we held:

"The court is statutorily and constitutionally without authority to render advisory opinions in cases found to be moot. A case is moot when no further controversy exists between the parties and where any judgment of the court would be without effect."

"We have consistently followed the well-established rule that this court will not consider or decide a question on appeal when it appears that any judgment we might render would be unavailing. [Citation omitted.] There must be an existing controversy requiring adjudication and not an abstract proposition requiring an advisory opinion. The rule as to moot questions is one of court policy, founded upon the proposition that, except when under some statutory duty to do so, courts do not sit for the purpose of giving opinions upon abstract propositions not involving actual controversy presented for determination." 248 Kan. at 288-89.

While we indicated in *State ex rel. Stephan v. Johnson* that an exception to this general rule exists if the case "involves a question of public interest even though it has become moot as to the parties involved," 248 Kan. at 290, the instant case does not involve such a question. We have defined "public interest" as follows:

" 'The phrase "public interest" as used in this connection means something more than that the individual members of the public are interested in the decision of the appeal from motives of curiosity or because it may bear upon their individual rights or serve as a guide for their future conduct as individuals.

. . . .

" 'Courts are more inclined to retain an appeal on the ground of public interest if the questions involved are likely to arise frequently in the future unless they are settled by a court of last resort.' " 248 Kan. at 290.

We applied this exception in *Stauffer Communications, Inc. v. Mitchell*, 246 Kan. 492, 789 P.2d 1153 (1990), wherein the court did not dismiss the appeal as moot because the situation was likely to recur and evade appellate review. In *Stauffer*, the plaintiff sought a writ of mandamus to compel the judge to open to the public all detention hearings and other preliminary matters involving juveniles over the age of 15. Although the particular hearings that the legal affairs reporter sought to attend were over, the parties and the court agreed that the situation would recur and continue to evade appellate review. It therefore was not dismissed as moot. 246 Kan. at 494.

The instant case is distinguishable from *Stauffer*. We do not deal with the validity of a written detention center policy regarding involuntary medication of inmates as was the case before the United States Supreme Court in *Washington v. Harper*, 494 U.S. 210, 108 L. Ed. 2d 178, 110 S. Ct. 1028 (1990). If we were dealing with a written policy, we could anticipate that the due process challenge would arise again. Rather, we deal with a fact-sensitive issue, dependent upon the process that was afforded in this particular case to the defendant, who no longer is in the custody of the detention facility.

We understand that the parties seek direction as to how to proceed in this delicate area. In response to the show cause order issued by the Court of Appeals, the sheriff states that this is an issue of first impression to the court and involves constitutional issues of great importance to Kansas public policy and to the orderly administration of detention centers and prisons throughout the state. The defendant's response raises the same concerns. While we appreciate the need for guidance, any judgment we would enter in this case would be without effect because the facts and circumstances on which the trial court based its decision in this case no longer exist. Accordingly, "any judgment we might render would be unavailing." *State ex rel. Stephan v. Johnson*, 248 Kan. at 288.

The guidance sought both by the defendant and the sheriff would amount to an advisory opinion. The sheriff's allegation that

the defendant has been incarcerated five times and, in all likelihood, will be incarcerated in the future in the JCADC is of no avail. The existing order would not authorize involuntary medication on any future incarceration of the defendant, but would be dependent wholly upon a new proceeding. Unlike *Harper*, 494 U.S. 210, we deal with an unique case that has been resolved by reason of the passage of time and has become moot. Accordingly, we dismiss the appeal.