R. Kent Pringle Professional Building 702 East Main Suite B P.O. Box 748 Chanute, Kansas 66720-0748
Dear Mr. Pringle:
As legal counsel for Neosho county community college, you request our opinion regarding whether a person providing teaching or tutorial services at a community college without compensation is prohibited under K.S.A. 71-1403 from serving as a member of the board of trustees for the community college. You also ask whether the prohibition set forth in K.S.A. 71-1403 is unconstitutional as a violation of free speech or equal protection.
Two members of the board of trustees for Neosho county community college are presently providing or have expressed a desire to provide teaching or tutorial services at the community college. As a teacher, the member may be uncompensated but would be subject to periodic evaluation. As a tutor, the member would receive no compensation and would not be subject to periodic evaluation.
K.S.A. 71-1403 establishes the methods for election of members of the board of trustees for a community college. Pursuant to subsection (d) of the statute, "[n]o member of the board of trustees of a community college shall be an employee of the community college." Therefore, in order to determine whether persons providing teaching or tutorial services at a community college may serve as members of the board of trustees, it must be determined whether such persons are employees of the community college.
Interpretation of a statute is a question of law. Galindo v. Cityof Coffeyville, 256 Kan. 455, 463 (1994). A fundamental rule of statutory construction is that the purpose and intent of the legislature governs. In re Tax Appeal of Collingwood Grain, Inc.,257 Kan. 237, syl. para. 5 (1995). It is presumed the legislature understood the meaning of the words it used and intended to use them in their ordinary and common meaning. Chavez v. Markham,256 Kan. 859, syl. para. 2 (1995).
A prohibition regarding service by employees of a community college as members of the board of trustees has existed since enactment of the community junior college act in 1965. See L. 1965, ch. 417, sec. 13; K.S.A. 72-6913 (repealed, L. 1967, ch. 407, sec. 19). The prohibition was continued in the community college election act, K.S.A. 71-1401 et seq., enacted in 1967.See L. 1967, ch. 407, sec. 3. An amendment to the statute setting the prohibition out as a separate subsection of the statute did not alter the substance of the prohibition, but rather was intended to clarify that the prohibition was applicable to both six-member and seven-member boards. See L. 1990, ch. 252, sec. 6. The legislature at no time provided a definition regarding employees subject to the prohibition. While several state statutes provide definitions for employee, these statutes were enacted after the prohibition contained in K.S.A. 71-1403
became effective or are contained within specialized acts and provide little assistance in determining the meaning of the term under K.S.A. 71-1403.
Employee is defined in Deluxe Black's Law Dictionary 525 (1990) as:
 "A person in the service of another under any contract of hire, express or implied, oral or written, where the employer has the power or right to control and direct the employee in the material details of how the work is to be performed. [Citation omitted.] One who works for an employer; a person working for salary or wages.
 "Generally, when person for whom services are performed has right to control and direct individual who performs services not only as to result to be accomplished by work but also as to details and means by which result is accomplished, individual subject to direction is an `employee'.
. . . .
 "The term is often specially defined by statutes (e.g. workers' compensation acts; Fair Labor Standards Act), and whether one is an employee or not within a particular statute will depend upon facts and circumstances."
Employee is defined in Webster's Third International Dictionary 743 (1986) as:
 "1: one employed by another usu. in a position below the executive level and usu. for wages 2 in labor relations: any worker who is under wages or salary to an employer and who is not excluded by agreement from consideration as such a worker."
While payment of salary or wages may be indicative whether a person is an employee, lack of such payment does not necessarily remove a person from the status of employee. Rather, all the surrounding facts and circumstances must be considered.
The prohibition set forth in K.S.A. 71-1403 was enacted to prevent situations in which a person as a member of the board of trustees of a community college exercised authority over employment matters regarding the person as an employee of the community college. Because such matters include not only establishing rates of compensation payable to employees but also include matters regarding advancement, promotion, or retention of employees, evaluation of employees, and budgetary matters regarding the schools and departments of the community college, it is our opinion that the term employee in K.S.A. 71-1403 includes those persons whose service to the community college is subject to the control and direction of the community college, provided such control and direction includes directing the manner in which the services are performed, regardless whether the person receives compensation from the community college.
The United States and Kansas constitutions guarantee free speech and equal protection. See U.S. const., amends. I, XIV; Kan. const., bill of rights, secs. 1, 11. In State ex rel. Stephan v.Johnson, 14 Kan. App. 2d 542 (1990), appeal dism'd as moot,248 Kan. 286 (1991), the Kansas Court of Appeals reviewed constitutional challenges to K.S.A. 25-1904, which prohibits state, school district, and community college officers and employees from serving as members of the state board of education. A challenge under the first amendment of the United States constitution was based on the argument that the statute "restricts one's right to freedom of political expression and to pursue public office by disallowing him to run for the State Board of Education."Johnson, 14 Kan. App. 2d at 548. Based on decisions of the United States Supreme Court in Broadrick v. Oklahoma, 413 U.S. 601,37 L.Ed.2d 830, 93 S.Ct. 2908 (1973), which reviewed state restrictions on political activities of state classified civil servants, and CSC v. Letter Carriers, 413 U.S. 548,37 L.Ed.2d 796, 93 S.Ct. 2880 (1973), which addressed the constitutionality of the Hatch Act, the Kansas Court of Appeals determined:
 "Restrictions on the political activities of public employees by themselves do not violate the rights guaranteed by the First Amendment. Broadrick v. Oklahoma, 413 U.S. at 616-17. Like the Oklahoma statute at issue in Broadrick, K.S.A. 25-1904 is not a `censorial statute, directed at particular groups or viewpoints.' Instead, it `seeks to regulate political activity in an evenhanded and neutral manner.' 413 U.S. at 616. Thus, it does not violate the First Amendment." Johnson, 14 Kan. App. 2d at 549.
The prohibition set forth in K.S.A. 25-1904 is similar to the prohibition set forth in K.S.A. 71-1403. Both serve the same purpose and are applicable in the same manner. Therefore, like K.S.A. 25-1904, K.S.A. 71-1403 does not violate thefirst amendment to the United States constitution.
An equal protection challenge to K.S.A. 25-1904 was also rejected by the court in Johnson. The court noted that candidacy to run for office is not a fundamental right. Johnson,14 Kan. App. 2d at 550. Because a fundamental right was not involved, the distinctions established in the statute "need only be drawn in such a manner as to bear some rational relationship to a legitimate state end." Id. The rationale for the prohibition set forth in K.S.A. 25-1904 was based on a potential conflict of interest for certain state employees if such employees were permitted to serve as members of the state board of education.Johnson, 14 Kan. App. 2d at 551. After acknowledging that K.S.A.25-1904 does not include within its provisions all persons who may have a similar conflict of interest, the court stated that the state does not have to place equal restrictions on all offices, even if the same rationale might apply. Id.
As noted above, the prohibition set forth in K.S.A. 71-1403 was enacted to prevent situations in which a person as a member of the board of trustees of a community college exercises authority over employment matters regarding the person as an employee of the community college. The rationale for enacting K.S.A. 71-1403 is similar to the rationale for the enactment of K.S.A. 25-1904. We believe the prohibition set forth in K.S.A. 71-1403 bears some rational relationship to a legitimate state end. Therefore, K.S.A. 71-1403 does not violate the equal protection clause of the United States constitution.
A statute which is found not to violate the free speech and equal protection clauses of the United States constitution likewise survives scrutiny under sections 1 and 11 of the bill of rights of the Kansas constitution. See State ex rel. Tomasic v. City ofKansas City, 237 Kan. 572, 583 (1985); U.S.D. No. 503 v. McKinney,236 Kan. 224, 234-36 (1984). Because the prohibition in K.S.A.71-1403 does not violate the free speech and equal protection clauses of the United States constitution, it survives scrutiny under sections 1 and 11 of the bill of rights of the Kansas constitution.
In review, the term employee in K.S.A. 71-1403 includes those persons whose service to the community college is subject to the control and direction of the community college, provided such control and direction includes directing the manner in which the services are performed, regardless whether the person receives compensation from the community college. The prohibition against an employee of a community college serving as a member of the board of trustees does not violate the free speech and equal protection clauses of the United States and Kansas constitutions.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Richard D. Smith Assistant Attorney General
CJS:JLM:RDS:jm