NOT DESIGNATED FOR PUBLICATION

No. 114,239

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

PATRICIA NICOLAIDES,
*Appellant*.

MEMORANDUM OPINION

Appeal from Ellis District Court; EDWARD E. BOUKER, judge. Opinion filed July 15, 2016.
Appeal dismissed.

*Donald E. Anderson II*, of Robert A. Anderson Law Office, of Ellinwood, for appellant.

*Amanda G. Voth*, assistant solicitor general, for appellee.

Before MALONE, C.J., GREEN and GARDNER, JJ.

*Per Curiam*: Patricia Ann Nicolaides appeals the district court's order revoking
her probation and ordering her to serve her underlying prison sentence. Finding this
challenge to be moot, we dismiss this appeal.

*Procedural background*

In March 2014, Patricia Ann Nicolaides pled guilty to charges of attempted
distribution of marijuana and possession of drug paraphernalia. The district court
sentenced her to 30 months of probation with an underlying prison sentence of 27

1

months. Within 3 weeks after sentencing, she was arrested for felony theft and admitted to using marijuana and methamphetamine. The State filed a motion to revoke probation in June 2014. By the time of the hearing, she had been convicted of felony theft and the district court found that she had violated the terms of her probation and ordered her to serve 60 days in the county jail pursuant to K.S.A. 2014 Supp. 22-3716(c)(11).

Later that same month, the State filed a second motion to revoke probation. At the hearing on the motion, the district court found that Nicolaides violated her probation based on her admissions that she used narcotics and alcohol and that she traveled to another town to see her boyfriend. Further, Nicolaides' Intensive Supervision Officer (ISO) testified that she did not believe Nicolaides was amenable to probation because of her repeated positive drug tests while on probation, her prior unsuccessful drug abuse treatments, her new felony theft conviction, and her repeated returns to her abusive boyfriend with whom she used drugs. The ISO also testified that during 10 months of supervision, Nicolaides had been in custody for about 6 ½ months due to probation violations. After noting that it would be hard to "point to another person who had so frequently and repeatedly violated her probation," the district court revoked Nicolaides' probation and imposed the original underlying sentence.

Nicolaides filed a notice of appeal of the revocation and a motion to correct illegal sentence. Further hearings were held on May 22 and May 29, but they are not at issue on this appeal. Because Nicolaides did not file a notice of appeal of the district court's denial of her motion to correct an illegal sentence, we issued an order to show cause why jurisdiction was proper, then retained the appeal only as to the probation revocation outlined above.

Nicolaides argues that under K.S.A. 2014 Supp. 22-3716(c)(1), the only sanction available to the court was a 2- or 3-day county jail sentence, because the court had not previously imposed intermediate sanctions. The State argues that the issue is moot

2

because Nicolaides' sentence will likely be served by the time of this ruling. On the merits, the State argues that the district court's findings were sufficient to justify revocation without graduated sanctions, per subsections (c)(8) and (c)(9) of the statute.

*Mootness*

We first address the State's argument that this case is moot because Nicolaides has served her entire sentence. The State, in accordance with Supreme Court Rule 2.042 (2015 Kan. Ct. R. Annot. 18), filed a notice of change in custody on June 7, 2016, stating that Nicolaides had been released from the Kansas Department of Corrections on April 14, 2016, and is currently on postrelease supervision through Osborne County. Based on our review of the record, it appeared that the State's assertion that Nicolaides had served her entire sentence of incarceration was correct. Thus, we issued a show cause order to Nicolaides to explain why her appeal should not be dismissed as moot.

Nicolaides responded that she was released from custody before the hearing date of this case and is currently on postrelease supervision. Nicolaides admits that generally, appellate courts do not decide moot questions, but relies on an exception to the mootness doctrine—that the matter is capable of repetition and raises concerns of public importance, citing *State v. Montgomery*, 295 Kan. 837, Syl. ¶ 2, 286 P.3d 866 (2012). She states that the imposition of graduated sanctions pursuant to K.S.A. 2014 Supp. 22-3716 falls within this exception, and that little caselaw addresses this issue; thus, the matter should not be considered moot.

Because mootness is a doctrine of court policy, which was developed through court precedent, appellate review of the issue is unlimited. *State v. Hilton*, 295 Kan. 845, 849, 286 P.3d 871 (2012). "An appeal will not be dismissed for mootness, unless it is clearly and convincingly shown the actual controversy has ended, the only judgment that could be entered would be ineffectual for any purpose, and it would not impact any of the

parties' rights." *McAlister v. City of Fairway*, 289 Kan. 391, 400, 212 P.3d 184 (2009); see *Montgomery*, 295 Kan. at 840-841.

It is a well-established judicial rule that:

> "Kansas appellate courts do not decide moot questions or render advisory opinions. [Citation omitted.] . . . . [Our Supreme Court] has previously described the mootness doctrine as a court policy, which recognizes that the role of a court is to "'determine real controversies relative to the legal rights of persons and properties which are actually involved in the particular case properly brought before it and to adjudicate those rights in such manner that the determination will be operative, final, and conclusive."' [Citations omitted.]" *Hilton*, 295 Kan. at 849.

Although Nicolaides remains subject to postrelease supervision, she does not contend that her postrelease supervision prevents a finding of mootness. See *Hilton*, 295 Kan. at 850 (rejecting Hilton's claim that she might suffer even further consequences in a future, separate criminal proceeding because of what the probation revocation will imply about her amenability to probation); *Montgomery*, 295 Kan. 837, Syl. ¶ 4 (finding the nonstatutory consequences arising from a probation revocation, which consequences will depend upon a judge's exercise of discretion in a future criminal proceeding rather than upon the mere fact of the prior probation revocation, are insufficient to perpetuate a controversy for purposes of the mootness doctrine, if the case has otherwise ceased); *United States v. Meyers*, 200 F.3d 715, 721-22 n.3 (10th Cir. 2000) (holding that when a defendant appeals the revocation of his supervised release and resulting imprisonment, and has completed that term of imprisonment, the potential impact of the revocation order and sentence on possible later sentencing proceedings does not constitute a sufficient collateral consequence to defeat mootness).

Instead, Nicolaides tacitly admits her appeal presents a moot issue. We agree, as it is uncontested that the term of Nicolaides' incarceration has expired.

Nicolaides seeks to fall within an exception to the mootness doctrine based on the likelihood of repetition and the public importance of the imposition of intermediate sanctions for probation violations.

"One commonly applied exception to the rule that appellate courts will not review moot issues is where the moot issue 'is capable of repetition and raises concerns of public importance.' *State v. DuMars*, 37 Kan. App. 2d 600, 605, 154 P.3d 1120, *rev. denied* 284 Kan. 948 (2007). In that context, public importance means

> ""'something more than that the individual members of the public are interested in the decision of the appeal from motives of curiosity or because it may bear upon their individual rights or serve as a guide for their future conduct as individuals.'" *State ex rel. Stephan v. Johnson*, 248 Kan. 286, 290, 807 P.2d 664 (1991) (quoting Annot., 132 A.L.R. 1185, 1188–89).' *Skillett v. Sierra*, 30 Kan. App. 2d 1041, 1048, 53 P.3d 1234, *rev. denied* 275 Kan. 965 (2002)." *Hilton*, 295 Kan. at 850-51.

Kansas courts broadly find an issue "capable of repetition" when it is highly unlikely that *anyone* in the appellant's circumstance could have obtained relief on appeal before the issue became moot. See, *e.g.*, *Hilton*, 295 Kan. at 851. But see *Kingdomware Technologies., Inc. v. United States*, __ U.S. __, 136 S. Ct. 1969, 1976, __ L. Ed. 2d __ (2016) (finding "capable of repetition" means there is a reasonable expectation that the *same complaining party* will be subject to the same action again.). In Kansas, a court will determine a moot question of public importance if it finds the value of its determination as a precedent is sufficient to overcome the rule against considering moot questions. *State ex rel. Stephan v. Johnson,* 248 Kan. 286, 290, 807 P.2d 664 (1991).

We presume, without deciding, that due to the timing of the matter, the issue Nicolaides raises on appeal is capable of repetition yet evading review, so we address only whether that issue is of sufficient public importance to overcome the general rule against our consideration of moot questions.

Nicolaides' argument on appeal is that she should not have had to serve her full underlying sentence but should have served only an intermediate sentence because the district court misapplied the law to the facts of her case. Unlike in *Hilton*, where the Supreme Court found it a matter of public importance that district courts know the permissible manner in which to structure probation for two cases requiring consecutive prison terms, we see no matter of public importance presented here. See 295 Kan. at 851. Nicolaides does not contend that her case is factually typical, and the briefs reveal that it is not. The legality of her sentence depends on whether the district court set forth sufficiently particularized reasons for finding that Nicolaides' welfare would not be served by an intermediate sanction, or whether she committed a new felony while on probation. See K.S.A. 2014 Supp. 22-3716(c)(8), (c)(9). Further, the record shows the court was well aware of the intermediate sentencing statute and its requirements. Thus, no public purpose would be served by addressing this moot issue. Because the value of our determining this issue as a precedent is minimal, we find it insufficient to overcome the rule against considering moot questions.

Nicolaides' term of incarceration ended in April 2016. Accordingly, any challenge she raises to the length of her prison term is now moot. The actual controversy has ended and the only judgment that could be entered would be ineffectual for any purpose. Although Nicolaides remains on postrelease supervision, she has not appealed any terms, conditions, or other matters relating to her supervised release, and has not demonstrated any collateral consequences flowing from the revocation and resulting sentence to defeat the government's mootness claim. Nor does the issue on appeal fall within the exception to the mootness doctrine for issues capable of repetition and raising concerns of public importance. Accordingly, we find the issue to be moot and dismiss the appeal.

Dismissed.