NOT DESIGNATED FOR PUBLICATION

No. 114,398

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

AKWETE BURD,
*Appellant*.

MEMORANDUM OPINION

Appeal from Geary District Court; RYAN W. ROSAUER, judge. Opinion filed July 15, 2016.
Appeal dismissed.

*Sam S. Kepfield*, of Hutchinson, for appellant.

*Tony Cruz*, assistant county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, C.J., GREEN and GARDNER, JJ.

*Per Curiam*:  Akwete Fay Burd appeals from the district court's revocation of her probation. Finding this challenge to be moot, we dismiss this appeal.

*Procedural background*

After Burd pleaded no contest to solicitation to distribute cocaine, the district court imposed a sentence of 18 months' probation with an underlying 12-month prison sentence. Thereafter, the State filed two motions to revoke probation. At the hearing on the first motion, the district court found violations and imposed a term of 30 days in the

1

county jail as a sanction. At the April 17, 2015, hearing on the second motion, Burd stipulated to the violations and the district court revoked her probation and remanded her to serve her underlying sentence of 12 months. On appeal, Burd claims the district court abused its discretion by imposing her original jail sentence instead of a lesser intermediate sanction.

*Mootness*

We first address the State's argument that this appeal is moot. The State contends that by the time the court renders a decision in this case, Burd will have served her entire sentence, mooting her appeal regarding her probation. Based on our review of the record, it appeared that the State's assertion that Burd had served her entire sentence was correct. Thus, we issued a show cause order to Burd to explain why the appeal should not be dismissed as moot. See Supreme Court Rule 2.042 (2015 Kan. Ct. R. Annot. 18). In response, Burd does not expressly address whether she has completed her sentence, but her approach to this issue tacitly concedes she has done so.

Burd's response asks this court to retain the appeal, reciting general law about the mootness doctrine and claiming an exception applies in this case. Her entire argument follows: "The obligation of a court to consider intermediate sanctions under HB 2170 is clearly stated in the legislation, and the failure of a court to do so is a situation which is likely to be repeated. The enunciation of a proper remedy, which Appellant argues is a remand for a rehearing, is in the public interest."

Because mootness is a doctrine of court policy, which was developed through court precedent, appellate review of the issue is unlimited. *State v. Hilton*, 295 Kan. 845, 849, 286 P.3d 871 (2012). "An appeal will not be dismissed for mootness, unless it is clearly and convincingly shown the actual controversy has ended, the only judgment that could be entered would be ineffectual for any purpose, and it would not impact any of the

2

parties' rights." *McAlister v. City of Fairway*, 289 Kan. 391, 400, 212 P.3d 184 (2009);
see *State v. Montgomery*, 295 Kan. 837, 840, 286 P.3d 866 (2012).

It is a well-established judicial rule that:

"Kansas appellate courts do not decide moot questions or render advisory
opinions. [Citation omitted.] . . . . [Our Supreme Court] has previously described the
mootness doctrine as a court policy, which recognizes that the role of a court is to
'"determine real controversies relative to the legal rights of persons and properties which
are actually involved in the particular case properly brought before it and to adjudicate
those rights in such manner that the determination will be operative, final, and
conclusive."' [Citations omitted.]" *Hilton*, 295 Kan. at 849.

Burd's claim that the district court erred in imposing her full sentence after revoking her
probation is moot because we find it uncontested that the term of Burd's incarceration has
expired.

Burd seeks to fall within an exception to the mootness doctrine based on the
likelihood of repetition and the public importance of the imposition of intermediate
sanctions for probation violations.

"One commonly applied exception to the rule that appellate courts will not review moot
issues is where the moot issue 'is capable of repetition and raises concerns of public
importance.' *State v. DuMars*, 37 Kan. App. 2d 600, 605, 154 P.3d 1120, *rev. denied* 284
Kan. 948 (2007). In that context, public importance means

""'something more than that the individual members of the public are
interested in the decision of the appeal from motives of curiosity or
because it may bear upon their individual rights or serve as a guide for
their future conduct as individuals.'" *State ex rel. Stephan v. Johnson*,
248 Kan. 286, 290, 807 P.2d 664 (1991) (quoting Annot., 132 A.L.R.

3

1185, 1188–89).' *Skillett v. Sierra*, 30 Kan. App. 2d 1041, 1048, 53 P.3d 1234, *rev. denied* 275 Kan. 965 (2002)." *Hilton*, 295 Kan. at 850-51.

Kansas courts broadly find an issue "capable of repetition," when it is highly unlikely that *anyone* in the appellant's circumstance could have obtained relief on appeal before the issue became moot. See, *e.g.*, *Hilton*, 295 Kan. at 851. But see *Kingdomware Technologies.*, *Inc. v. United States*, __ U.S. __, 136 S. Ct. 1969, 1976, __ L. Ed. 2d __ (2016) (finding "capable of repetition" means there is a reasonable expectation that the *same complaining party* will be subject to the same action again). In Kansas, a court will determine a moot question of public importance if it finds the value of its determination as a precedent is sufficient to overcome the rule against considering moot questions. *State ex rel. Stephan v. Johnson*, 248 Kan. 286, 290, 807 P.2d 664 (1991).

We presume, without deciding, that due to the timing of the matter, the issue Burd raises on appeal is capable of repetition yet evading review, so we address only whether that issue is of sufficient public importance to overcome the general rule against our consideration of moot questions.

Burd's argument on appeal is that she should not have had to serve her full underlying sentence, but should have served only an intermediate sentence because the district court misapplied the law to the facts of her case. Unlike in *Hilton*, where the Supreme Court found it a matter of public importance that district courts know the permissible manner in which to structure probation for two cases requiring consecutive prison terms, we see no matter of public importance presented here. See 295 Kan. at 851. Burd does not contend that her case is factually typical, and the briefs reveal that it is not. The legality of her sentence depends on whether the district court set forth sufficiently particularized reasons for finding that Burd's welfare would not be served by an intermediate sanction, whether Burd committed a new felony while on probation, see K.S.A. 2015 Supp. 22-3716(c)(8), (c)(9), or whether her counsel invited any error by

4

conceding that the court could impose the underlying sentence without an intermediate sanction. Further, the record shows the court was well aware of the intermediate sentencing statute and its requirements. Thus, no public purpose would be served by addressing this moot issue. Because the value of our determining this issue as a precedent is minimal, we find it insufficient to overcome the rule against considering moot questions.

Burd is no longer incarcerated due to the revocation of her probation and the imposition of her full sentence. Accordingly, any challenge she raises to the length of her incarceration due to her probation revocation is now moot. The actual controversy has ended and the only judgment that could be entered would be ineffectual for any purpose. The issue raised on appeal does not fall within the exception to the mootness doctrine for issues capable of repetition and raising concerns of public importance. Accordingly, we find the issue to be moot and dismiss the appeal.

*Failure to preserve issue*

Additionally, we find that Burd has not properly preserved this issue for appeal. Burd argues for the first time on appeal that the district court erred by ordering her to serve her underlying sentence without first imposing an intermediate sanction under K.S.A. 2014 Supp. 22-3716(c). Neither party asserted during the revocation hearing in the district court or before Burd filed her notice of appeal that the graduated sanction framework applied.

As a general rule, issues not raised before the district court cannot be raised on appeal. See *State v. Kelly*, 298 Kan. 965, 971, 318 P.3d 987 (2014). There are several exceptions to this general rule, including: (1) The newly asserted theory involves only a question of law arising on proved or admitted facts and is finally determinative of the case; (2) consideration of the theory is necessary to serve the ends of justice or to prevent

5

the denial of fundamental rights; and (3) the judgment of the trial court may be upheld on appeal despite its reliance on the wrong ground or having assigned a wrong reason for its decision. *State v. Phillips*, 299 Kan. 479, 493, 325 P.3d 1095 (2014).

But Supreme Court Rule 6.02(a)(5) (2015 Kan. Ct. R. Annot. 41) requires an appellant to explain why an issue that was not raised below should be considered for the first time on appeal. Litigants who fail to comply with this rule risk a ruling that the issue is improperly briefed and will be deemed waived or abandoned. *State v. Williams*, 298 Kan. 1075, 1085, 319 P.3d 528 (2014) (finding that Rule 6.02[a][5] means what it says and is ignored at a litigant's own peril); *State v. Godfrey*, 301 Kan. 1041, 1044, 350 P.3d 1068 (2015) (declining to reach the merits where the brief makes no effort to explain why appellate review of an unpreserved constitutional issue is warranted).

We have previously applied this rule to the very issue Burd raises here. In *State v. Battle*, 52 Kan. App. 2d 149, 152, 363 P.3d 424 (2015), we found that a challenge to a district court's purported failure to implement the graduated sanction framework in K.S.A. 2013 Supp. 22-3716(c) was not properly raised on appeal because it had not been presented to the district court. Battle did not assert any of the exceptions to the general rule preventing him from raising the issue for the first time on appeal. In light of the warning in *Williams*, 298 Kan. at 1085, the *Battle* court declined to address the issue on the merits. 52 Kan. App 2d at 152. See *State v. Klima*, No. 110,660, 2014 WL 3843473, at *2-3 (Kan. App. 2014) (unpublished opinion), *rev. denied* 302 Kan. __ (2015) (same).

We do the same here. Burd has not argued that any of the exceptions to that rule apply in his case. As was found in *Battle,* Burd has not preserved the issue for appellate review. We find it unnecessary to address the State's other arguments.

Dismissed.