NOT DESIGNATED FOR PUBLICATION

No. 113,704

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

BRENT J. BUETTGENBACH,
*Appellant*.

MEMORANDUM OPINION

Appeal from Nemaha District Court; JAMES A. PATTON, judge. Opinion filed August 19, 2016. Appeal dismissed.

*Corrine E. Gunning*, of Kansas Appellate Defender Office, for appellant.

*Brad M. Lippert*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, C.J., BRUNS and SCHROEDER, JJ.

*Per Curiam*: Brent J. Buettgenbach appeals from the district court's revocation of his probation. Since he has served his sentence, we find that his challenge is moot and dismiss this appeal.

After Buettgenbach pled no contest to one count of burglary of a dwelling, the district court sentenced him to serve 24 months' probation and imposed an underlying 18-month prison sentence. In June and September 2014, Buettgenbach's intensive supervision officer filed affidavits alleging that he had violated the terms of his probation. During the revocation hearing held on January 29, 2015, Buettgenbach stipulated to the

1

violations, and the district revoked his probation and imposed a modified 12-month prison sentence. On appeal, Buettgenbach claims that the district court did not make sufficient findings to justify bypassing intermediate sanctions and imposing the modified prison sentence.

Based on these facts, it appeared that Buettgenbach had served his entire sentence. Accordingly, we issued a show cause order directing Buettgenbach to explain why his appeal is not moot. Shortly thereafter, he responded by conceding that he has completed his sentence but asking us to retain the appeal pursuant to the exceptions to the mootness doctrine.

As a general rule, appellate courts are not to decide moot questions or render advisory opinions. *State v. Bennett*, 288 Kan. 86, 89, 200 P.3d 455 (2009). The test for mootness is whether it is clearly and convincingly shown that the actual controversy has ended, the only judgment that could be entered would be ineffectual for any purpose, and it would not impact any of the parties' rights. *State v. Williams*, 298 Kan. 1075, 1082, 319 P.3d 528 (2014). A common exception to this rule is when the question is capable of repetition and is of public importance. *State v. Hilton*, 295 Kan. 845, 850-51, 286 P.3d 871 (2012).

Public importance means more than that certain members of the general public are interested in the decision of the appeal from motives of curiosity or because it may bear upon their individual rights or serve as a guide for their future conduct. 295 Kan. at 851. Kansas courts have broadly found an issue not capable of repetition when it is highly unlikely that *anyone* in the appellant's circumstance could have obtained relief on appeal before the issue became moot. See, *e.g., Hilton*, 295 Kan. at 851. In Kansas, a court will determine a moot question of public importance if it finds that the value of its determination as a precedent is sufficient to overcome the rule against considering moot

questions. *State ex rel. Stephan v. Johnson*, 248 Kan. 286, 290, 807 P.2d 664 (1991) (citing 5 Am. Jur. 2d, Appeal and Error § 768, pp. 210-11).

Initially, Buettgenbach argues that the revocation of his probation could possibly be used against him in the future to deny him probation or to possibly subject him to an upward departure sentence. Yet, he acknowledges that our Supreme Court rejected this argument in *State v. Montgomery*, 295 Kan. 837, 843-44, 286 P.3d 866 (2012) (concluding that the potential result of finding that a probationer was not amenable to probation in the future was not a sufficient reason to find that an actual controversy existed). We are duty bound to follow precedent from the Kansas Supreme Court absent some indication that it intends to depart from its prior position. See *State v. Hall*, 298 Kan. 978, 983, 319 P.3d 506 (2014). Thus, we reject this assertion.

Next, Buettgenbach claims that the issue raised in his appeal is capable of repetition and concerns a matter of public importance. In expanding on the latter, he believes that our resolution of his appeal could make sentencing courts "more aware of the requirements for when they revoke an offender's probation" thereby "diminishing relaxed attitudes of district courts when considering revocation of probation." While we agree that the issue is capable of repetition, we do not believe that a decision would serve the purpose he asserts. Since the Kansas Legislature adopted the system of graduated sanctions for certain probation violations on July 1, 2013, this court has published several cases explaining the new law. See *State v. McFeeters*, 52 Kan. App. 2d 45, 362 P.3d 603 (2015); *State v. McGill*, 51 Kan. App. 2d 92, 340 P.3d 515, *rev. denied* 302 Kan. 1017 (2015).

We, therefore, conclude that further guidance from this panel is unnecessary and dismiss this appeal.

Appeal dismissed.