Nos. 112,389
112,390

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ANDRE K. BATTLE,
*Appellant*.

SYLLABUS BY THE COURT

1.

As a general rule, issues not raised before the district court cannot be raised on appeal.

2.

There are several exceptions to Supreme Court Rule 6.02(a)(5) (2015 Kan. Ct. R. Annot. 41), including: (1) The newly asserted theory involves only a question of law arising on proved or admitted facts and is finally determinative of the case; (2) consideration of the theory is necessary to serve the ends of justice or to prevent the denial of fundamental rights; and (3) the judgment of the district court may be upheld on appeal despite its reliance on the wrong ground or having assigned a wrong reason for its decision.

3.

Supreme Court Rule 6.02(a)(5) (2015 Kan. Ct. R. Annot. 41) requires an appellant to explain why an issue that was not raised below should be considered for the first time on appeal. Litigants who fail to comply with this rule risk a ruling that the issue is improperly briefed and will be deemed waived or abandoned.

1

Appeal from Sedgwick District Court; JAMES R. FLEETWOOD, judge. Opinion filed December 4, 2015. Affirmed.

*Peter Maharry*, of Kansas Appellate Defender Office, for appellant.

*Lesley A. Isherwood*, assistant district attorney, *Marc Bennett*, attorney general, and *Derek Schmidt*, attorney general, for appellee.

Before HILL, P.J., PIERRON and ARNOLD-BURGER, JJ.

PIERRON, J.:  In 2013, Andre K. Battle was convicted in separate cases of possession of cocaine and three counts of burglary. On February 25, 2014, he received a controlling sentence of 11 months' incarceration for the burglary convictions and a consecutive sentence of 28 months' incarceration for possession of cocaine. Battle was given presumptive probation for the burglary convictions and had a border box classification for the drug conviction. The district court granted probation in both cases for a period of 18 months.  Battle struggled with the conditions of his probation from the outset.

Two months following the beginning of his probation, the State filed a warrant alleging Battle had violated his probation by committing the offenses of possession of drug paraphernalia and tampering with an automobile. On April 10, 2014, Battle admitted the allegations in the warrant and requested reinstatement of his probation. The State wanted to revoke Battle's probation and have him serve his underlying sentence of 39 months' incarceration. The State noted that Battle's criminal history included 24 entries in his presentence investigation report. Without making any findings, the district court reinstated Battle's probation and extended it for a full term of 18 months with the added condition that he enter and successfully complete inpatient drug and alcohol treatment. Even given a second chance, Battle quickly failed on probation.

2

Two months after his probation revocation and reinstatement, the State filed a warrant alleging Battle had failed to meet the conditions of his probation: He failed to report on June 9, 2014; he was a no call/no show the week of June 11, 2014; he was discharged from inpatient treatment on May 22, 2014, and had failed to return to drug treatment; he was a no call/no show the week of June 18, 2014; and his whereabouts were unknown. The State later modified the allegation to provide that Battle had completed inpatient drug treatment but he had failed to continue with the outpatient aftercare treatment. Battle admitted the probation violations. On June 30, 2014, the district judge revoked Battle's probation and ordered him to serve his incarceration sentence, stating:

> "After considering the arguments of counsel and the history involved in this matter I cannot find that this defendant is amendable to continued supervision—probation in the community. In fact, his continued acts and violations as well as his criminal history it appears that he does remain as a threat to the community, and so his probation is revoked—will stand revoked."

On July 1, 2014, Battle filed a notice of appeal. He appealed the revocation of his probation, nonreinstatement of probation, imposition of sentence, denial of motion to modify sentence, and all adverse rulings. However, on July 9, 2014, Battle filed a pro se motion for reinstatement based on the legislature's implementation of the intermediate sanctions for probation violations. The district court denied Battle's motion for reinstatement finding it lacked jurisdiction to grant the modification requested and that Battle had filed a notice of appeal.

The intermediate sanction provisions now claimed by Battle are retroactive and applicable to him. K.S.A. 2014 Supp. 22-3716(c)(12) expressly provides: "The violation sanctions provided in this subsection shall apply to any violation of conditions of release or assignment or a nonprison sanction occurring on and after July 1, 2013, regardless of when the offender was sentenced for the original crime or committed the original crime for which sentenced." See *State v. Kurtz*, 51 Kan. App. 2d 50, 56, 340 P.3d 509 (2014)

3

("The legislature has therefore clarified that the date that controls the law that applies to the imposition of sanctions for violating probation is the law that existed when a defendant violated probation, not the law that existed when the defendant committed the underlying crime as this court held in [*State v.*] *Dreier* [, 29 Kan. App. 2d 958, 34 P.3d 480 (2001)], nor the law in effect when the probation hearing occurred."). The events of Battle's probation violations occurred in 2014. Consequently, the applicability date of July 1, 2013, for imposing intermediate sanctions has been met.

However, this issue was not properly raised either at the probation revocation hearing or before Battle filed his notice of appeal. Battle argues for the first time on appeal that the district court erred by ordering him to serve his underlying sentence without first imposing an intermediate sanction under K.S.A. 2014 Supp. 22-3716(c). Neither party mentioned the graduated sanction framework at the revocation hearing in the district court.

As a general rule, issues not raised before the district court cannot be raised on appeal. See *State v. Kelly*, 298 Kan. 965, 971, 318 P.3d 987 (2014). There are several exceptions to this general rule, including: (1) The newly asserted theory involves only a question of law arising on proved or admitted facts and is finally determinative of the case; (2) consideration of the theory is necessary to serve the ends of justice or to prevent the denial of fundamental rights; and (3) the judgment of the trial court may be upheld on appeal despite its reliance on the wrong ground or having assigned a wrong reason for its decision. *State v. Phillips*, 299 Kan. 479, 493, 325 P.3d 1095 (2014).

Supreme Court Rule 6.02(a)(5) (2015 Kan. Ct. R. Annot. 41) requires an appellant to explain why an issue that was not raised below should be considered for the first time on appeal. Litigants who fail to comply with this rule risk a ruling that the issue is improperly briefed and will be deemed waived or abandoned. *State v. Williams*, 298 Kan. 1075, 1085, 319 P.3d 528 (2014) (cautioning future litigants to comply with rule).

4

In *State v. Klima*, No. 110,660, 2014 WL 3843473, at *2-3 (Kan. App. 2014) (unpublished opinion), *rev. denied* 302 Kan. ___ (2015), the court found that a challenge to a district court's purported failure to implement the graduated sanction framework in K.S.A. 2013 Supp. 22-3716(c) was not properly raised on appeal because it was not first presented to the district court. Klima did not acknowledge his failure to raise the argument below, nor did he assert any of the exceptions to the general rule preventing him from raising the issue for the first time on appeal. In light of the warning in *Williams*, 298 Kan. at 1085, the *Klima* court declined to address the issue on the merits. 2014 WL 3843473, at *2-3.

Here, Battle acknowledges that we generally will not review issues raised for the first time on appeal and does not argue that any of the exceptions to that rule apply in his case.

As was found in *Williams* and *Klima*, Battle has not preserved the issue for appellate review. Accordingly, we affirm the district court's decision. See *State v. Godfrey*, 301 Kan. 1041, 1044, 350 P.3d 1068 (2015).

Affirmed.