NOT DESIGNATED FOR PUBLICATION

Nos. 118,673
118,674
118,675

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

KEVIN COIL COLEMAN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Saline District Court; RENE S. YOUNG, judge. Opinion filed December 14, 2018. Reversed and remanded.

*Christina M. Kerls*, of Kansas Appellate Defender Office, for appellant.

*Anna M. Jumpponen*, assistant county attorney, *Ellen Mitchell*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, P.J., PIERRON, J., and BURGESS, S.J.

PER CURIAM:  Kevin Coil Coleman appeals the district court's decision to revoke his probation in case Nos. 13 CR 518 (2013 case), 14 CR 674 (2014 case), and 15 CR 142 (2015 case). He argues that the district court violated the Ex Post Facto Clause of the United States Constitution by using an exception allowing it to revoke his probation without first imposing intermediate sanctions given that this exception had not been enacted by our Legislature when he committed his probation violation. Coleman requests that this court reverse the revocation of his probation and remand for a new probation

1

violation hearing. Coleman's argument is persuasive. Accordingly, this court reverses the revocation of Coleman's probation and remands for a new probation violation hearing in Coleman's 2013, 2014, and his 2015 cases.

FACTUAL AND PROCEDURAL BACKGROUND

On May 23, 2013, police arrested Coleman for unlawful possession of a controlled substance. Coleman pled guilty to possession on December 13, 2013, in the 2013 case. The district court granted Coleman a dispositional departure to 12 months' probation, with an underlying prison term of 34 months' imprisonment followed by 12 months' postrelease supervision.

On June 21, 2014, police arrested Coleman for unlawful possession of a controlled substance. The State charged Coleman with unlawful possession of a controlled substance in the 2014 case. Next, the State moved to revoke Coleman's probation in the 2013 case. While Coleman's charges were pending in the 2014 case, he bonded out of jail. He then absconded. Eventually, Coleman was discovered, and the State charged him with felony failure to appear in the 2015 case.

On September 28, 2015, the district court held a joint sentencing and probation violation hearing. At the hearing, Coleman pled no contest to the new count of unlawful possession of a controlled substance in the 2014 case. He also pled no contest to felony failure to appear in the 2015 case. For both cases, the district court granted Coleman's request for a dispositional departure to probation. For both crimes, the district court sentenced Coleman to 12 months' probation. For the 2014 case, Coleman's underlying prison term was 34 months' imprisonment followed by 12 months' postrelease supervision. For Coleman's 2015 case, Coleman's underlying prison term was 10 months' imprisonment followed by 12 months' postrelease supervision.

2

The district court also allowed Coleman to remain on probation for his 2013 case despite his new convictions. But, the district court extended Coleman's probation term by 12 months. The district court ordered that all of Coleman's sentences run consecutively.

On June 20, 2016, the State moved to revoke Coleman's probation in all three of his cases for failing to comply with the following terms of his probation: informing his probation officer of his location, making required payments, and refraining from possessing or using illicit substances or alcohol.

On September 15, 2016, the district court held a hearing on Coleman's alleged probation violations. In the end, the district court allowed Coleman to remain on probation in all of his cases after serving a 45-day jail sentence in the 2013 case. However, the district court extended Coleman's term of probation in all three of his cases by 12 months.

On January 19, 2017, the State moved to revoke Coleman's probation in each of three cases because he failed to report to his probation officer. The State alleged that Coleman had absconded.

Eventually, Coleman was arrested. On November 1, 2017, the district court held a joint probation revocation hearing for all three of Coleman's cases. At the hearing, Coleman stipulated that he had violated his probation by failing to report to his probation officer. After the district court accepted Coleman's stipulation, the State requested that that the district court revoke probation in each of his cases. The State asserted that the district court need not impose intermediate sanctions because Coleman was on probation due to dispositional departures. Coleman asked the district court to impose intermediate sanctions because "the change of law which allowed for dispositional departures to be immediately revoked upon first appearance in front of the Court on a probation violation" did not apply retroactively.

The district court revoked Coleman's probation because it had sentenced Coleman to probation based on granting his dispositional departure motions. Thus, according to the district court, it could revoke Coleman's probation under the newly enacted K.S.A. 2017 Supp. 22-3716(c)(9)(B). The district court ordered Coleman serve his original terms of imprisonment in the 2013, 2014, and 2015 cases. Yet, the district court modified Coleman's 2015 case sentence so that it would run concurrent with the 2013 and 2014 case sentences.

Coleman timely appealed each of his three cases. This court consolidated Coleman's three cases for appeal.

### DID THE DISTRICT COURT ERR BY REVOKING COLEMAN'S PROBATION?

On appeal, Coleman's sole argument is that the district court could not revoke his probation in his 2013, 2014, and 2015 cases under K.S.A. 2017 Supp. 22-3716(c)(9)(B) because this provision did not exist when he violated his probation. He argues that K.S.A. 2017 Supp. 22-3716(c)(9)(B) cannot apply retroactively. Because K.S.A. 2017 Supp. 22-3716(c)(9)(B) did not exist when he violated his probation, Coleman asserts that the district court violated the Ex Post Facto Clause of the United States Constitution by basing its decision to revoke on that statute. The State counters that although the Legislature enacted K.S.A. 2017 Supp. 22-3716(c)(9)(B) after Coleman committed the relevant probation violation, K.S.A. 2017 Supp. 22-3716(c)(12) establishes that K.S.A. 2017 Supp. 22-3716(c)(9)(B) applies retroactively.

"Where the issue is the propriety of the sanction imposed by the district court for a probationer's violation of the terms and conditions of probation, the standard of review is an abuse of discretion." *State v. Hurley*, 303 Kan. 575, 580, 363 P.3d 1095 (2016). Nevertheless, to the extent Coleman's appeal involves interpreting K.S.A. 2017 Supp. 22-3716, interpreting a statute is a question of law over which this court has unlimited

4

review. *State v. Collins*, 303 Kan. 472, 473-74, 362 P.3d 1098 (2015). The intent of the Legislature, as established by the plain language of the statute, governs all questions involving statutory interpretation. *State v. Jordan,* 303 Kan. 1017, 1019, 370 P.3d 417 (2016).

"No State shall . . . pass any . . . ex post facto Law." U.S. Const. art. 1, § 10, cl. 1. For a statute to violate the Ex Post Facto Clause, two elements must exist: (1) the statute must apply to events before its enactment; and (2) the statute must disadvantage the offender. *Weaver v. Graham*, 450 U.S. 24, 28-29, 101 S. Ct. 960, 67 L. Ed. 2d 17 (1981). To "disadvantage" the offender, the statute must be punitive in nature, meaning the Legislature intended the statute to punish. *State v. Petersen-Beard*, 304 Kan. 192, 196, 377 P.3d 1127, *cert. denied*, 137 S. Ct. 226 (2016).

Our Legislature has enacted a scheme of increasing sanctions that the district court must impose when a defendant violates probation absent an exception allowing the district court to immediately revoke the defendant's probation. K.S.A. 2017 Supp. 22-3716(b)-(c). Effective July 1, 2017, the Legislature enacted an exception that allowed the district court to immediately revoke a defendant's probation without first imposing intermediate sanctions if that defendant was on probation because of a dispositional departure. L. 2017, ch. 92, § 8. This provision—K.S.A. 2017 Supp. 22-3716(c)(9)(B)—states:

> "(9) The court may revoke the probation, assignment to a community correctional services program, suspension of sentence or nonprison sanction of an offender pursuant to subsection (c)(1)(E) without having previously imposed a sanction pursuant to subsection (c)(1)(B), (c)(1)(C) or (c)(1)(D) if:
> . . . .
> (B) the probation, assignment to a community correctional services program, suspension of sentence or nonprison sanction was originally granted as the result of a

5

dispositional departure granted by the sentencing court pursuant to K.S.A. 2017 Supp. 21-6815, and amendments thereto."

Four years before the enactment of K.S.A. 2017 Supp. 22-3716(c)(9)(B), the Legislature enacted K.S.A. 2013 Supp. 22-3716(c)(12). L. 2013, ch. 76, § 5. K.S.A. 2017 Supp. 22-3716(c)(12) provides: "The violation sanctions provided in this subsection shall apply to any violation of conditions of release or assignment or a nonprison sanction occurring on and after July 1, 2013, regardless of when the offender was sentenced for the original crime or committed the original crime for which sentenced."

The first question that must be addressed is whether K.S.A. 2017 Supp. 22-3716(c)(9)(B) is punitive in nature. Our Legislature has titled the Criminal Code—Chapter 21—"Crimes and Punishments." The two forms of "punishment" under K.S.A. 2017 Supp. 2017 Supp. 21-6601 et seq. are probation terms and prison sentences. Our Supreme Court recently reiterated that while on probation, a defendant's sentence is suspended. "But the suspension can be lifted and the service of the sentence begun if probation is violated." *State v. Kinder*, 307 Kan. 237, 242, 408 P.3d 114 (2018).

As a result, when the district court uses an exception like K.S.A. 2017 Supp. 22-3716(c)(9)(B) to revoke a defendant's probation without imposing intermediate sanctions, the effect is the imposition of the defendant's suspended prison sentence. In turn, it is readily apparent that the Legislature enacted K.S.A. 2017 Supp. 22-3716(c)(9)(B) with punishment in mind. The provision allows a district court to revoke a defendant's probation in a situation where the defendant would otherwise be entitled to an intermediate sanction for his or her violation.

Next, this court must consider the applicability of K.S.A. 2017 Supp. 22-3716(c)(9)(B) to a probation violation occurring before its enactment. Coleman complains that his probation violation for absconding occurred in January 2017, "at least

6

five months before (c)(9)(B) went into effect." Of note, the State has never argued, nor did the district court find, that Coleman's act of absconding constituted a continuing offense that ended upon his arrest. See *State v. Cook*, 286 Kan. 766, 773, 187 P.3d 1283 (2008) (holding that failure to register is a continuing offense, relying on *United States v. Gray*, 876 F.2d 1411, 1419 [9th Cir.1989], *cert. denied* 495 U.S. 930 [1990]), which held that failure to appear was a continuing offense). For this reason, we need not address whether Coleman's probation violation occurred on any other date than the date he absconded in January 2017. See *State v. Dooley*, 308 Kan. 641, 648-50, 423 P.3d 469 (2018) (holding that the district court must make a finding that the probationer absconded to invoke the K.S.A. 2017 Supp. 22-3716(c)(8)(A) absconder exception).

Previously, this court has interpreted K.S.A. 2017 Supp. 22-3716(c)(12) to mean that the date defendants violated their probation controlled what intermediate sanction provision applied. See *State v. Battle*, 52 Kan. App. 2d 149, 151, 363 P.3d 424 (2015); *State v. Kurtz*, 51 Kan. App. 2d 50, 56, 340 P.3d 509 (2014). According to this caselaw, the date Coleman committed his probation violation controls what intermediate sanctions and exceptions to those sanctions the district court could impose.

Clearly, when Coleman absconded in January 2017, the Legislature had not yet enacted K.S.A. 2017 Supp. 22-3716(c)(9)(B). Given that the Legislature had not yet enacted this statute when he absconded, it seems that Coleman could not be subject to the provision of K.S.A. 2017 Supp. 22-3716(c)(9)(B).

Regardless, the State contends that it is irrelevant that Coleman violated his probation before the Legislature enacted subsection (c)(9)(B) based on the plain language of K.S.A. 2017 Supp. 22-3716(c)(12). The State interprets K.S.A. 2017 Supp. 22-3716(c)(12) as plainly and unambiguously allowing retroactive application of all provisions under subsection (c). The State's argument, however, is contrary to the caselaw interpreting these provisions.

7

Indeed, this court's analysis in *Kurtz* is helpful in addressing the State's misinterpretation of K.S.A. 2017 Supp. 22-3716(c)(12). In *Kurtz*, Kurtz argued that the district court should have applied an intermediate sanction provision even though the Legislature had not yet enacted that intermediate sanction provision when Kurtz committed his probation violation. The *Kurtz* court rejected his argument. The *Kurtz* court first pointed out that, generally, the statutes in effect when a defendant committed his or her crimes governs the penalties the district court may impose. 51 Kan. App. 2d at 56-57. For imposing intermediate sanctions or exceptions to the sanctions under subsection (c), the date the defendant committed his or her probation violations governs. The Legislature's inclusion of the language "regardless of when the offender was sentenced for the original crime or committed the original crime for which sentenced" in K.S.A. 2013 Supp. 22-3716(c)(12) establishes that "the critical date for determining when [a sanction or exception under subsection (c)] applie[d was] the date that the defendant violated his or her probation." 51 Kan. App. 2d at 56-57.

Significantly, our Supreme Court denied Kurtz' petition for judicial review on September 23, 2015. 302 Kan. 1017 (2015). Thus, despite the State's arguments to the contrary, the language of K.S.A. 2017 Supp. 22-3716(c)(12) establishes that the Legislature approves of a district court invoking an intermediate sanction or exception under subsection (c) only if (1) the sanction or exception was enacted after July 1, 2013, and (2) the sanction or exception was in effect when the defendant violated his or her probation. Here, although the Legislature enacted the dispositional departure exception under K.S.A. 2017 Supp. 22-3716(c)(9)(B) on July 1, 2017, it was not in effect when Coleman committed his probation violation in January 2017. Accordingly, the State's argument that K.S.A. 2017 Supp. 22-3716(c)(12) clearly intended for all provisions under subsection (c) to apply retroactively is unpersuasive. As a result, this court reverses the revocation of Coleman's probation and remands for a new probation violation hearing in Coleman's 2013, 2014, and 2015 cases.

8

Reversed and remanded.

* * *

MALONE, J., dissenting:  I respectfully dissent because I agree with the State that K.S.A. 2017 Supp. 22-3716(c)(12) expresses a legislative intent that the intermediate sanction provisions of K.S.A. 2017 Supp. 22-3716(c) apply retroactively to any probation violation occurring on or after July 1, 2013. This provision states that the sanctions provided in K.S.A. 2017 Supp. 22-3716(c) "shall apply to any violation of conditions of release or assignment or a nonprison sanction occurring on or after July 1, 2013, regardless of when the offender was sentenced for the original crime or committed the original crime for which sentenced." Here, Kevin Coil Coleman violated his probation by absconding in January 2017, which was after July 1, 2013. Thus, the district court could apply the provisions of K.S.A. 2017 Supp. 22-3716(c)(9)(B) to revoke Coleman's probation based on his violation because Coleman's probation was originally granted as the result of a dispositional departure.

The majority relies on *State v. Kurtz*, 51 Kan. App. 2d 50, 340 P.3d 509 (2014), in finding that the provisions of K.S.A. 2017 Supp. 22-3716(c)(9)(B) cannot be applied to Coleman's probation violation. In that case, the State moved to revoke Kurtz' probation *in June 2013*. At the probation revocation hearing in July 2013, Kurtz argued that the district court should apply the newly enacted intermediate sanction provisions of K.S.A. 2013 Supp. 22-3716(c)(1)(B), which became effective on July 1, 2013. The district court disagreed and ordered Kurtz to serve 60 days in jail for the probation violation, which was permitted under the prior law.

On appeal, this court analyzed the retroactivity provision at K.S.A. 2013 Supp. 22-3716(c)(12). Based on the retroactivity provision, this court found that the intermediate sanction provisions of K.S.A. 2013 Supp. 22-3716(c) apply to probation violations

9

occurring on or after July 1, 2013, even if the underlying crime was committed and the defendant was sentenced before that date. 51 Kan. App. 2d at 56-57. This court stated that "[w]hat the legislature has since made clear . . . is that the critical date for determining when the amendment applies is the date the defendant violated his or her probation." 51 Kan. App. 2d at 56-57.

The majority reads too much into this language from the *Kurtz* decision. The court in *Kurtz* was simply making the point that whether the sanction provisions of K.S.A. 2017 Supp. 22-3716(c) apply depends on the date the defendant violated his or her probation, rather than when the original crime was committed or when the defendant was originally sentenced. The court found that the sanction provisions did not apply in that case because Kurtz violated his probation in June 2013, before the new law went into effect on July 1, 2013. But there is nothing about the holding in *Kurtz* that prevented the district court in Coleman's case from applying the provisions of K.S.A. 2017 Supp. 22-3716(c)(9)(B) to Coleman's probation violation even though this provision became effective after Coleman absconded in January 2017. Coleman's probation violation occurred after July 1, 2013, and under K.S.A. 2017 Supp. 22-3716(c)(12), the sanction provisions set forth in the statute could be applied to his probation violation.